UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH CHASE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00207-JPH-DLP |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING CERTAIN RESPONDENTS,
DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I.**

The only proper respondent in a habeas corpus action is the government official having actual custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); 28 U.S.C. §§ 2242 & 2243; *Webster v. Daniels*, 784 F.3d 1123, 1144-45 (7th Cir. 2015) (en banc). Respondents J.R. Smith, Sgt. Nawman, J. Lyttle, Indiana Department of Corrections [sic], and Attorney General of the State of Indiana are **dismissed**. The clerk is directed to update the docket to terminate all respondents except Brian Smith.

**II.**

Indiana prison inmate Kenneth Chase's petition for a writ of habeas corpus challenges a prison disciplinary sanction imposed in disciplinary case number ISF 18-08-0074. For the reasons explained in this Order, Mr. Chase's habeas petition must be **denied**.

    **A.**    **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*,

1

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B.   The Disciplinary Proceeding

On July 15, 2018, Indiana Department of Correction (IDOC) Investigator J.R. Smith wrote a Report of Conduct charging Mr. Chase with disorderly conduct, a violation of the IDOC's Adult Disciplinary Code offense B-236. The Report of Conduct states:

> On 7-15-2018, at approx. 5:45 pm, Officer N. Watson # 224 had turned all of the dorm lights on and the television off in the 12SC dayroom and announced count time.
>
> Offender Chase #256974 does not go to his bed area and remains in the 12 SC dayroom. At approx. 5:50 PM an offender assaults Officer Watson in the 12SD dayroom.
>
> Offender Chase can clearly be seen standing on top of the game table in 12 SC dayroom while the officer is assaulted, continuing to refuse to go to his bunk. Offender Chase's actions [contributed] to the lack of order in the dorm.

Dkts. 1-2 & 7-1.

A Report of Investigation of Incident was also prepared by Investigator Smith that merely repeated the last paragraph of the Report of Conduct. Dkts. 1-3 & 7-2. Mr. Chase was notified of the charge on August 10, 2018, when he received the Screening Report. Dkt. 7-3. He pled not guilty to the charge, did not ask to call witnesses, and requested no evidence. *Id.*

The disciplinary hearing was held on August 17, 2018. Dkts. 1-4 & 7-4. Mr. Chase's statement was that he "was not being violent" and he "was on C-side and [lived] on D side." *Id.* Based on Mr. Chase's statement, the staff reports, and photographs provided by the Office of Investigations and Intelligence, the hearing officer found Mr. Chase guilty of disorderly conduct. *Id.* The sanctions imposed included a sixty-day earned-credit-time deprivation, a credit class demotion, and the imposition of a previously suspended ninety-day earned-credit-time deprivation sanction from another disciplinary action (ISF 18-07-0161). *Id.*

Mr. Chase appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 1-5, 7-5, & 7-6. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondent has answered the petition, but Mr. Chase did not file a reply.

**C.   Analysis**

Mr. Chase asserts three grounds for habeas corpus relief: (1) the disciplinary hearing officer was not impartial because he refused to hear exculpatory evidence; (2) the hearing officer failed to provide him a written summary of the proceedings; and (3) there was insufficient evidence to support the charge. Dkt. 1, pp. 3-4.

**1.   Impartial Hearing Officer**

Mr. Chase argues that the hearing officer refused to consider his statement that the housing unit disturbance was on the D-side of the prison unit, but he was on the C-side and merely stood up on a table to try and see what was happening. Dkt. 1, p. 3. However, this alone does not satisfy the heavy burden a petitioner must demonstrate to show a hearing officer was not impartial.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in

order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). But hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Chase makes no allegation that the hearing officer was involved in the disturbance or with its investigation, and no allegation that the hearing officer was related to a critical witness. There is no indication of bias, therefore Mr. Chase's contention on this point is without merit.

This ground could also be construed as an alleged denial of the right to present exculpatory evidence. Mr. Chase was not denied access to the evidence (his own evidence) or an opportunity to present it, and he is therefore not entitled to relief on such a ground either.

Finally, Mr. Chase's claim that the hearing officer ignored his statement – in other words, refused to give it credit – may also be construed as a challenge to the sufficiency of the evidence, which will be addressed below.

There being no evidence that the hearing officer was not impartial, habeas corpus relief on Mr. Chase's first ground is **denied**.

**2.     No Written Summary of Proceedings**

Mr. Chase next asserts that he was denied a written summary of the proceedings as is required by IDOC policy 02-04-101. But the violation of a state policy, procedure, or even a law does by itself implicate federal due process protections. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

While due process requires that the prisoner receive a written statement of the reasons for the hearing officer's decision, *Hill*, 472 U.S. at 454, Mr. Chase received this statement in the form of the Report of Disciplinary Hearing. Dkt. 1-4 & 7-4. The report reflects the reasons for the hearing officer's decision (staff reports, Mr. Chase's statement, and photographs of the incident), and why the punishment imposed was given (seriousness of the offense, degree to which it caused disruption to the facility, and likelihood of a corrective effect on future behavior). *Id.* Providing Mr. Chase with the written report satisfies the due process protections discussed in *Hill* and, therefore, Mr. Chase's second ground for habeas corpus relief is without merit and is **denied**.

### 3. Sufficiency of the Evidence

Mr. Chase's third ground for habeas corpus relief challenges the sufficiency of the evidence. Dkt. 1, p. 4. Mr. Chase essentially contends that his conduct did not satisfy the necessary elements of the disorderly conduct offense. *Id.* He argues that his conduct was not violent, and that the reporting officer was over-zealous in making the charge.

Prior to 2015, the respondent argues, the disorderly conduct offense contained an element of violence, but the current definition – in effect at the time of Mr. Chase's conduct – does not. Dkt. 7, pp. 6-7. Offense B-236, is defined as "exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 7-8 (IDOC Adult Disciplinary Process, Appendix I, Offenses, effective June 4, 2018). Mr. Chase's conduct occurred on July 15, 2018, about six weeks after the effective date of the offense definition. There is no element of violence in the offense. *Id.*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Investigator Smith wrote in the conduct report that Mr. Chase's act of standing on a table during the disruption "contributed to the lack of order in the dorm." Dkts. 1-2 & 7-1. Mr. Chase

has not challenged that statement, and it – along with the photographs and Mr. Chase's own statement – constitute "some evidence" to support the hearing officer's decision. In making this finding, this Court does not reweigh the evidence. It only assesses whether there was "some evidence" to support the decision. As noted, there was.

Mr. Chase's third ground for habeas corpus relief is without merit and it is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Chase to the relief he seeks. Accordingly, Mr. Chase's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now enter.

**SO ORDERED.**

Date: 7/20/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Kenneth Chase
256974
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

David Corey
Indiana Attorney General
david.corey@atg.in.gov